UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

MELVON ADAMS,

Defendant.

20-CR-628 (AKH)

**ORDER**

---

ALVIN K. HELLERSTEIN, U.S.D.J.:

On March 14, 2023, I sentenced the Defendant to a term of imprisonment of fifty-seven months for a violation of 18 U.S.C. 922(g)(1), felon in possession of a firearm. This term is to be followed by three years of supervised release. This sentence was made according to a criminal history category of IV and a base offense level of 21 points, yielding a guideline range of 57-71 months.

On November 3, 2023, the Defendant moved for a reduction of sentence pursuant to Amendment 821 of the United States Sentencing Guidelines, which altered Section 4A1.1 of the Guidelines. Previously, any Defendant who committed an offense while under any criminal justice sentence would automatically receive an additional two points towards their criminal history score, known as "status points." In April of 2023, the U.S. Sentencing Commission amended Section 4A1.1, removing the automatic imposition of status points, and instead only adding one status point when 1) a defendant received seven or more criminal history points under the section's other provisions, and 2) when the offense at hand was committed while under any criminal justice sentence. Simultaneously, the Commission promulgated Amendment 821,

which allows any of the April 2023 amendments to the Guidelines to be applied retroactively to defendants already serving out their sentence.

In the motion to reduce his sentence, Defendant argues that under the new amendments, which Amendment 821 makes retroactive, his two status points should be removed, taking him from a criminal history category of IV to III. With a criminal history category of III and an offense level of 21, Defendant's Guidelines range would now be 46-57 months.

Defendant had been involved in three prior shootings and had two prior criminal convictions before his current sentence for illegal gun-possession. While in jail, he was overheard discussing narcotics trafficking, and had disciplinary infractions. The government had argued for a sentence of 71 months, the top of the guideline. I had ordered 57 months, the bottom of the guideline, in recognition also of the occupational skills he had learned, the educational activities to which he aspired, and his expressions of wanting to live a responsible life.

Defendant is eligible for a sentence reduction under Amendment 821. But sentencing him to the bottom of the adjusted guideline would not be just punishment, for it would not reflect the seriousness of his crime and his criminal background. A sentence of 52 months would be just punishment, midway, approximately, in the adjusted guideline of 46 to 57 months. 18 U.S.C. § 3553(a).

The Clerk shall terminate ECF 70.

SO ORDERED.

Dated: December 11, 2023
New York, New York

Alvin K. Hellerstein
United States District Judge