The defendant's motion under the United States Sentencing Guidelines Amendment 821 has already been considered and decided. *See* ECF No. 75. Therefore, this cumulative motion is denied. The issue of coordination with the state imprisonment is not an issue before this Court.

SO ORDERED.

Dated: 2/20/24
New York, New York

/s/ Alvin K. Hellerstein
Alvin K. Hellerstein
United States District Judge

---

United States District Court
For the Southern District of New York

United States of America

v.

Melvon Adams

Case No: 20 cr 628 (AKH)

Sentence Reduction Pursuant To title 18 USC 3582(c) And 1B1.10

Comes Now the defendant Melvon Adams (Here in After) The defendant moves This Court For A Sentence Reduction Pursuant To Title 18 USC 3582(c) And 1B1.10. Based on The 2024 Amendments of The Federal Sentencing guidlines

Custody and Control Includes "Non Secure Custody". Custody with No Significant Physical Restraint For example,
 At A Community Corrections Center, Community treatment Center, half way house. Any Similar facility. United State v Morales 834 F.2d 35 2nd Cir, See. The defendant is Considered In Custody. See Amendment (642)
 The defendant Alleges that the government owes him 8 months towards his Sentence. A

(1)

Person Is In Custody Where "There IS A Formal Arrest or Restraint on Freedom of Movement of the degree Associated with Formal Arrest" see California V. Beheler 463 U.S. 1121, 1125, 77 L.ed 2d 1275 (1983). Also United States V. Cassel 452 F.2d 533 7th 1971 (Federal Prisoner In Prerelease, guidance Center In Custody) Blyden V. Hogan, 320 F. Supp. 513 579 (S.D.N.Y. 1970) (Prisoner At Manhattan House of Detention In Custody); United States V. Harrison 265 F. Supp. 660 662 (S.D.N.Y 1967). Prisoner At Dannemora State Prison In Custody. In Addition the defendant Alleges that A "Prisoner IS In Custody only where his or her Freedom Is Restricted" Above The Normal Setting see Cervates 589 F.2d At 428, Also Conley 779 F.2d 970, 973. This Court Purports to Articulate objective Criteria for Assessing Restrictions Including the lanuage used to Summon the Individual the Physical Surroundings of the Restriction Such As his Liberty Move And Come And go as guaranteed by the U.S. Constitution And Lets Not forget his Freedom of Action In A Significant way.

(2)

The defendant was Subjected to custodial Restriction that Limited his movement. he further was subjected to punishment ~~from~~ Leaving without permission.

The defendant, State this for, the Court, on July 28th 2020 the defendant was Indicted by the Southern District of New York for A violation of the Federal Statute. 18 USC 922(g). He appeared In of the U.S Magistriate and Plead Not guilty. This Placed his case for trial. However he Subsequently plead guilty In front of this Court to 57 months orginally" (while waiting for Sentencing he was on Pre trial Release for 32 months, and 8 months he did not Recieve)".

The government Position IS that the defendants 8 months Jail time Credit was Applied Towards his State Sentence, However there has Been A miscalculation on the governments Part. In Fact "This Court Clarified that, the Jail Time Credit And detention Will be Credited" Starting from July 28, 2020 until Sentencing, which will be March 14, 2023.

(3)

The defendant was In Custody for 32 months. However (8) months was Not Credited, Where Based on the "New" Amendments, "[He's]", entitled to Relief.

The defendant Further ask this Court to take Judicial Notice under Fed.R.Evid 201 Which Permitts A Court To Take Judicial Notice (of) Facts Where Accuracy Cannot Reasonably be questioned." Such As Public Records see ALS Puerto Rico, V. Trujillo-Paniss 133. F.Supp 3.d. 409 2015.

[The defendant Ask this Court To take Notice of united States V. Melvon Adams 20 cr 628 AKH. Sentencing that will without doubt Can Confirm the 8 months that is owed to the defendant.

Wherefore the defendant Request that his Motion be granted In this Matter.

Dated this 7th day of February 2024

x Melvon Adams

Melvon Adams

(4)

Certificate of Service

I Hereby Certify, that the Copy was Sent to the Clerk of the Court to Be Served on All Interested Parties In The Above Said matter. Postage Pre Paid.

Dated This 1st day of Febuary 2024

x *Melvon Adams*
Melvon Adams

(1)

United States District Court
For the Southern District
of New York

United States of America

v.

Melvon Adams

Case NO:
20 cr 628 (AKH)

Exibit IN
Support thereof

The Above Named defendant Hereby Moves this Court to order The Said exhibits to be place in Evidence to witt.

A. The Judicial Transcripts of the defendants Sentencing Hearing, And his Pre Trial Transcripts;

The Transcripts are Prima Facies Evidence, in the Said Cause. Wherefore the defendant prays the evidence be Submitted.

Dated this 7th day of Febuary 2024

x Melvon Adams

Melvon Adams

(1)

1        Now, one was during being a youthful offender and the
2   other one was prior to this case, but I think he is at a
3   different place. He has been in jail now almost 36 months
4   coming up this summer. June will be 36 months. And I don't
5   have to tell the court, because the court is well aware, of
6   the conditions that have existed during that 36-month
7   incarceration.
8        THE COURT:  How did you get 36?
9        MR. FASULO:  Well, it's June of 2020, I believe, was
10  the arrest date.
11       THE COURT:  I have detention as July 28, 2020.
12       MR. FASULO:  July 28. July 28, 2020, so this July 28
13  will be 36 months.
14       THE COURT:  All right. But as of the moment, he's
15  about 32 months.
16       MR. FASULO:  Right now, about 32 months. I was just
17  saying that he was about 36, coming up in July. Yes, 32 months
18  currently.
19       And during those 32 months he had COVID, he was
20  isolated for a month of the jail. We all know the situation
21  both at MDC, Essex County, during this particular time and the
22  restrictions, and also the lack of ability to have visits from
23  family members. And you can see there is, in court even today,
24  his aunt right here, cousin, aunt who wrote a letter to you.
25  She's here.

1           THE COURT:   Yes, you wrote about that.
2           THE DEFENDANT:   Yes.
3           THE COURT:   All right. I'll take a short recess.
4           (Recess)
5           Mr. Adams, this is a very difficult balance I have to
6  make. What the government says in its papers is very serious.
7  What you say to me is very hopeful. I have to balance these
8  two things. You have committed a serious crime. You have had
9  a loaded gun or gun with ammunition nearby. One would think
10 you would have learned your lesson and put away guns. I have
11 to understand the concern about self-defense. But it's not
12 self-defense, but having the provision for self-defense. But
13 still, it's a crime, and it's a crime that is made more serious
14 by your record.
15          So I think your employment record indicates that you
16 can embark on a new path. You have a support system, and I
17 think you have the desire to change your life. Putting this
18 all together, I think a punishment of 57 months is an
19 appropriate punishment. It's the bottom of the guideline, and
20 it takes account, you'll have a credit for the period you've
21 already served in detention.
22          Where should he serve, Mr. Fasulo?
23          MR. FASULO:   Closest to New York, Judge.
24          THE COURT:   So recommended.
25          MR. FASULO:   Actually, Judge, can I say closest to

